**IN THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF MARYLAND**
**CIVIL DIVISION**

TIFFANY WILLIAMS                                                    *

        Plaintiff,                                              *
                                     **Case No.**

    vs.                                                            *

THE UNITED STATES OF AMERICA,                      *

SERVE:     **Rod J. Rosenstein**                          *
             **U.S. Attorney for the**
             **District of Maryland**                      *
             **6406 Ivey Lane**
             **Suite 800**                                      *
             **Greenbelt, MD 20770**
                                  *

             **and**
                                  *

             **Loretta E. Lynch**
             **Attorney General of the U.S.**       *
             **U.S. Department of Justice**
             **950 Pennsylvania Avenue, N.W.**     *
             **Washington, D.C. 20530**
                                  *

             **and**
                                  *

**LINWOOD "CHUCK" BATTLE**
**Supervisory Deputy U.S. Marshall**                 *
**Washington, D.C.**
                                  *

             **and**
                                  *

**GRADY MANAGEMENT, INC. d/b/a/**
**FOX HILLS NORTH APARTMENTS**                  *
**8630 Fenton Street**
**Suite 625**                                                      *
**Silver Spring, MD 20910**
                                  *

            **Defendants.**
                                  *

<u>**COMPLAINT**</u>
**(Unlawful Search-4th Amendment; Unlawful Entry;**
**Breach of Contract; Negligence; Unwarranted Invasion of Privacy)**

**JURISDICTION**

1. Jurisdiction exists in this case exists pursuant to 28 U.S.C. § 1346(b)(1) and 42 U.S.C. § 1983.

**THE PARTIES**

2. At all times relevant hereto, the plaintiff was a resident of the State of Maryland.

3. Defendant United States of America is the proper party with respect to plaintiff's Federal Tort Claims Act claims pursuant to 28 U.S.C. § 2679.

4. Defendant Battle is a law enforcement officer employed by the United States Marshall's Service and is being sued in his individual capacity for violating the plaintiff's constitutional rights.

5. Defendant Grady Management Inc. (Grady) was at all times relevant herein responsible for the day to day operations of the apartment complex in which the plaintiff resided.

**STATEMENT OF R RELEVANT FACTS**

6. On September 12, 2014, the plaintiff was a sworn District of Columbia Metropolitan Police Officer who made her home at 1140 Kennebec Street, in Oxon Hill, Maryland.

7. Defendant Grady was the property manager of that apartment complex in which the plaintiff resided.

8. While the plaintiff was performing her job as a law enforcement officer in the District of Columbia on September 12, 2014, defendant Battle and several as of yet unidentified law enforcement officers from the U.S. Marshal's Service and the Metropolitan Police Department appeared at the apartment complex in which the plaintiff resided.

9. Upon arrival at the apartment complex, defendant Battle and other U.S. Marshals

responded to the rental office of the complex where they encountered defendant Grady's agent, Andrea Brown.  Defendant Battle and/or the other law enforcement officers falsely advised Grady, through its agent Andrea Brown, that they were seeking to arrest an individual, and the individual that they were seeking to arrest was plaintiff's "cousin" knowing such information to be false.  At no time did defendant Battle or any other law enforcement officer provide Grady with a search warrant for the plaintiff's apartment because no such warrant existed.  Moreover, the only person on the lease for the apartment that defendant Grady provided defendant Battle and the other law enforcement officers access was that of the plaintiff.

10. Notwithstanding the fact that no search warrant was ever provided to Grady, nor was any authorization from the plaintiff sought, defendant Grady provided defendant Battle and other law enforcement officers with full access to plaintiff's residence.

11.  While in plaintiff's residence, defendant Battle and other law enforcement officers conducted an unlawful search of plaintiff's residence including her closets, dresser drawers, mail and all of her personal papers, documents and belongings.

12.  Even though there was no contraband found in plaintiff's apartment, nor was anyone found in plaintiff's apartment, subject to an arrest warrant or otherwise, defendant Battle and other law enforcement officers responded to plaintiff's job at the Metropolitan Police Department to "question" her about the whereabouts of her alleged "cousin."  Defendant Battle was informed that the individual being sought was not related to the plaintiff in any way, that the plaintiff was not harboring or assisting that individual in any way and that the search of her home was unwarranted, illegal and constituted an egregious violation of her right to privacy.  In response, defendant Battle advised the plaintiff that because he worked for the U.S. Marshall's Service, he did not need a

warrant to search the plaintiff's house.

13. As a result of the reckless and illegal actions of defendant Battle, the plaintiff was forced to address allegations that she failed to take police action consistent with the obligations of her job as a law enforcement officer.

14. Defendant Battle acted within the scope of his employment at all times relevant herein.

15. Defendant Grady acted through its agent, Andrea Brown, at all times relevant herein.

16. Defendant United States acted through and was responsible for the actions of defendant Battle, at all times relevant herein.

## <u>COUNT I</u>
### (Unlawful Search and Seizure-42 U.S.C. § 1983- Defendant Battle)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Defendant Battle and several yet to be identified law enforcement officers, gained access to plaintiff's residence, by falsely representing that they were seeking plaintiff's "cousin" who was the subject of an arrest warrant. No warrant nor any other legal justification existed for the search of the plaintiff's residence.

19. Despite the absence of legal authority to search plaintiff's residence, defendant Battle and several yet to be identified law enforcement officers descended upon plaintiff's residence and conducted an illegal search thereof. During the course of this search, defendant Battle and his group of officers searched plaintiff's personal papers and belongings and even read her mail and rummaged through her dresser drawers without any legal justification whatsoever.

20. The actions of defendant Battle and the yet to be identified officers were in clear violation of the 4th Amendment to the United states Constitution and are actionable under 42 U.S.C.

§1983.

21.  As a result of the illegal actions of the defendant Battle and the yet to be identified officers the plaintiff suffered embarrassment, humiliation, distress and loss of dignity; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully violated in front of her neighbors and employer.

WHEREFORE, the plaintiff, demands judgment against defendant Battle, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory & punitive damages, to the extent allowed by law, plus interest and costs.

**Count II**
**(Unlawful Entry - All Defendants)**

22.  Plaintiff incorporates by reference paragraphs 1 through 16, as if fully set forth herein.

23.  The defendants wrongfully and unlawfully entered plaintiff's residence and conducted a search of the premises without any legal authority to do so, and in particular without a warrant.

24.  As a direct proximate result of the unlawful entry into plaintiff's residence, she suffered distress and loss of a sense of security and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being subjected to an egregious invasion of her privacy.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory and punitive damages, to the extent allowed by law, plus interest and costs.

## COUNT III
### (Breach of Contract - Defendant Grady)

25.  Plaintiff incorporates, by reference, paragraphs 1 through 16 as if fully set forth herein.

26.  Plaintiff further alleges that defendant Grady had a contractual obligation to provide plaintiff the exclusive right of possession to her residence so long as she paid her rent and complied with the terms of her lease.

27.  The plaintiff fulfilled all of her obligations under the terms of the lease.  Defendant Grady, however, provided access to plaintiff's residence to defendant Battle and other law enforcement officers even though they had no warrant or other legal authority to enter plaintiff's residence thereby, breaching its obligation to provide exclusive possession to the plaintiff.

28.  As a direct and proximate result of defendant Grady's breach of contract, plaintiff suffered distress and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment.

WHEREFORE, the plaintiff demands judgment against defendant Grady in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages plus interest and costs.

## COUNT IV
### (Negligence - Defendant Grady)

28.  Plaintiff incorporates, by reference, paragraphs 1 through 16 as if fully set forth herein.

29. Defendant Grady owed a duty to the plaintiff not to interfere with the quiet enjoyment of her home.

30.  Defendant Grady breached its duty to the plaintiff when it granted defendant Battle and other law enforcement officers access to plaintiff's home for the purpose of rummaging through her personal belongings, even though they had no legal right to do so.

31. As a direct and proximate result of defendant Grady's negligent conduct, the plaintiff suffered distress and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of having her personal privacy invaded.

Wherefore, plaintiff demands judgment against defendant Grady in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory damages plus interest and costs.

**COUNT V**
**(Unwarranted Invasion of Privacy - All Defendants)**

32. Plaintiff incorporates, by reference, paragraphs 1 through 16 as is fully set forth herein.

33. Plaintiff further alleges that the defendants, who had no lawful authority whatsoever, and with total disregard for her privacy, did on September 12, 2014, commit acts which completely invaded plaintiff's personal privacy.

34. As a direct and proximate result of the actions of the defendants, plaintiff was unconscionably stripped of her dignity and sense of security by renegade law enforcement officers acting in concert with her indifferent landlord both of which were outside the parameters of law and decency.

Wherefore, plaintiff demands judgment against the defendants, jointly and severally in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, to the extent allowed by law, plus interest and costs.

**JURY DEMAND**

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


  /s/ Gregory L. Lattimer
Gregory L. Lattimer [15462]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4513

Counsel for the Plaintiff

-8-